UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD ANYIAM ANYANWU,<br><br>Plaintiff,<br><br>v.<br><br>MINN. DEPT. OF HEALTH - COMMISSIONER (MDH), JOAN FABIAN - COMMISSIONER (DOC), DR. MARLIK - HENNEPIN COUNTY JAIL (ADC),<br><br>Defendants. | Civil File No. 05-1083 (RHK/JSM)<br><br>REPORT AND RECOMMENDATION |

Plaintiff commenced this action while being detained at the Hennepin County Jail, by filing a pleading entitled "Complaint For Rights Violation Of Civil Under 42 U.S.C. 1983." (Docket No. 1.) The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that plaintiff's Complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

---

[1] Plaintiff did not tender the required filing fee with his Complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The IFP application indicates that plaintiff may be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, for now, that petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

**I.    BACKGROUND**

As noted above, when plaintiff commenced this action, he was being detained at the Hennepin County Jail in Minneapolis, Minnesota.  Just recently, however, plaintiff has informed the Court that he has been transferred to the Minnesota Security Hospital in St. Peter, Minnesota.

Although plaintiff's Complaint is incomplete and poorly drafted, the gist of his claim is quite clear.  He alleges that he has Hepatitis-B, and that he did not receive adequate medical care for his illness during his confinement at the Hennepin County Jail.

Plaintiff is attempting to sue several defendants in this action.  The defendants listed in the caption of the Complaint are "Minn. Dept. of Health - Commissioner (MDH), Joan Fabian - Commissioner (DOC), and Dr. Marlik - Hennepin County Jail (ADC)."  The body of the complaint indicates that plaintiff is also attempting to sue "(DOC) - Nanette M. Schroeder - Dir - Health - Ser [and] Mandy G (RNC) Supervisor - Henn Jail  - ADC."  (Complaint, p. 3, § III.B.)

Plaintiff seems to be claiming that defendants violated his federal constitutional rights under the Eighth Amendment, by being deliberately indifferent to his medical needs.  His Complaint clearly indicates that he is seeking only injunctive relief that will provide him additional medical care.

**II.    DISCUSSION**

Because plaintiff is a prisoner who is seeking redress from government entities and employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner

against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as plaintiff apparently is attempting to do here, a complainant must allege historical <u>facts</u>, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint <u>must contain specific facts</u> supporting its conclusions") (emphasis added).

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's <u>personal</u> involvement in alleged constitutional wrongdoing. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of

against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as plaintiff apparently is attempting to do here, a complainant must allege historical <u>facts</u>, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint <u>must contain specific facts</u> supporting its conclusions") (emphasis added).

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's <u>personal</u> involvement in alleged constitutional wrongdoing. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of

defendants to support such a claim"). Thus, in order to state a § 1983 claim, a complaint must set forth <u>specific factual allegations</u> showing what <u>each named defendant</u> allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against any of the named defendants, because it includes no factual allegations describing anything that any named defendant purportedly did, or failed to do, that could be viewed as a violation of plaintiff's constitutional rights. There are no factual allegations suggesting that any defendant even knows anything about plaintiff's alleged medical needs. In fact, none of the named defendants is even specifically mentioned in the meager substantive allegations of plaintiff's Complaint. Because plaintiff's Complaint does not include any factual allegations attributing any specific wrongful conduct to any particular defendant, plaintiff has failed to plead any actionable civil rights claim.[2]

Furthermore, even if plaintiff had pleaded some actionable claim in his Complaint, this case would still have to be dismissed because of plaintiff's post-filing transfer from the Hennepin County Jail to the Minnesota Security Hospital. The only relief sought by plaintiff in this action is an injunction that would improve the conditions of his confinement at the Hennepin County Jail by means of better medical care. However, "an inmate's claims for

---

[2]  It appears that plaintiff may be seeking to hold defendants (or at least some of them) vicariously liable for some allegedly wrongful act or omission by the staff at the Hennepin County Jail. Such a claim, however, would not be actionable, because government officials and entities cannot be held liable under the doctrine of respondeat superior in § 1983 cases. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against a government official or entity, the complaint would have to include factual allegations showing how that particular party <u>personally</u> violated plaintiff's constitutional rights. Because no such allegations appear in plaintiff's present pleading, he has failed to state any § 1983 claim against any of the named defendants.

declaratory and injunctive relief to improve prison conditions [are] moot when he [has been] transferred to another facility and [is] no longer subject to those conditions." Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999), citing Martin, 780 F.2d at 1337. See also Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (§ 1983 claims for injunctive relief based on prison conditions are rendered moot by inmate-plaintiff's release from prison); Randolph v. Rodgers, 253 F.3d 342, 344-46 (8th Cir. 2001) (dismissing prisoner's claims for injunctive relief against prison officials where the prisoner was no longer residing at the penal facility where those prison officials worked). Because plaintiff has requested no relief other than an injunction that would change the conditions of his confinement at the Hennepin County Jail, and because he is no longer subject to those conditions of confinement (by reason of his transfer), this entire action has become moot.[3]

### III. CONCLUSION

For the reasons discussed above, the Court finds that plaintiff's Complaint fails to state a cause of action on which relief can be granted, and this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied.

---

[3] The Court recognizes that some of the named defendants have no apparent connection to the Hennepin County Jail, which might suggest that plaintiff is concerned about matters other than his medical care at the Hennepin County Jail. The fact remains, however, that plaintiff has requested only an injunction that would change the conditions of his confinement at the Hennepin County Jail. There are no allegations suggesting that any defendant violated plaintiff's constitutional rights before he came to the Hennepin County Jail, (and, in any event, any request for injunctive relief as to any such past misdeeds would now be moot). Plaintiff could not be bringing a claim for anticipated future violations of his constitutional rights at the Minnesota Security Hospital (or elsewhere), because any such claim would be based on sheer speculation about how plaintiff's new custodians might respond to his alleged medical needs.

See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, plaintiff will remain liable for the unpaid balance of the $250 filing fee.[4] He has not yet paid any part of the filing fee, so he still owes the full $250. That amount will have to be deducted from his institutional trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against plaintiff for purposes of 28 U.S.C. § 1915(g).

Finally, plaintiff has filed a separate document that appears to be a preliminary injunction motion. (Docket No. 3.) The Court has already determined that plaintiff's request for injunctive relief has become moot by reason of his transfer to the Minnesota Security Hospital, (see Discussion at pp. 4-5, supra), and his separate motion seeking such relief must be denied accordingly.

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's Motion for Injunction, (Docket No. 3), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: June 20, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 11, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

7